[Cite as *Owens v. Ford Motor Co.*, 2019-Ohio-3136.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

KENNETH J. OWENS

      Appellant

      v.

FORD MOTOR COMPANY OHIO
TRUCK PLANT DIVISION, et al.

      Appellee

C.A. No.     18CA011422

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17CV193290

DECISION AND JOURNAL ENTRY

Dated: August 5, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellant, Kenneth Owens, appeals an order of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. Owens alleged that he was injured during his employment with Ford Motor Company ("Ford"). When a portion of his claim was disallowed, Mr. Owens appealed the decision to the Lorain County Court of Common Pleas and filed a complaint asserting his right to participate in the workers' compensation system. In anticipation of trial, Mr. Owens filed the video deposition of his expert witness, Dr. Joseph Totaro. On September 19, 2018, Ford filed an objection log related to Dr. Totaro's deposition, maintaining, in part, that "Dr. Totaro is a Chiropractor, [c]annot opine to reasonable <u>medical</u> certainty – Not an MD." (Emphasis in original.) Although the record reflects several motions in limine filed by Mr. Owens, it appears

that Ford did not file any such written motion with respect to Dr. Totaro's deposition in advance of trial.

{¶3} The case proceeded to a bench trial on September 20, 2018. On the same date, the trial court journalized an order that granted Ford's motion for a directed verdict and entered judgment in favor of Ford, concluding that Mr. Owens was not entitled to participate in the workers' compensation system for four conditions enumerated in the order. Mr. Owens filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR DIRECTED VERDICT FOLLOWING AN ABUSE OF DISCRETION IN FAILING TO ADMIT A PORTION OF THE TRIAL TESTIMONY AND CAUSAL OPINION AS TO THE DISALLOWED CONDITIONS OF APPELLANT'S EXPERT WITNESS.

{¶4} Mr. Owens' sole assignment of error argues that the trial court erred in granting a directed verdict in favor of Ford. Specifically, Mr. Owens maintains that the trial court abused its discretion by excluding evidence from Dr. Totaro's deposition and that the absence of that evidence led the trial court to, in turn, improperly grant a directed verdict.

{¶5} This Court cannot review the merits of Mr. Owens' assignment of error, however, because the trial transcript is not part of the record on appeal. When Mr. Owens filed his notice of appeal, he also indicated on his docketing statement that the record would include

> [T]he original papers and exhibits filed in the trial court, a certified copy of the docket and journal entries, and a full or partial transcript of proceedings prepared for this appeal by a court reporter appointed by the trial court, who I served with a praecipe that I also filed with this court.

Mr. Owens filed a praecipe, but the praecipe did not include the signature of the court reporter. *See* Loc.R. 5(A)(1)(a)(i) of the Ninth Dist. Court of Appeals. On November 28, 2018, the clerk

of this Court served notice on counsel pursuant to App.R. 11(B) that the record had been filed. That notice explained that "[t]he record consists of a transcript of docket and journal entries together with all original papers from Common Pleas (General Div[ision] Court, Case No. 17CV193290)." Mr. Owens did not move to strike the notice of filing of the record, nor did he move to supplement the record with a transcript of proceedings. Consequently, the record on appeal consists solely of the transcript of the docket and journal entries and the original papers filed in the trial court.

{¶6} "It is the duty of the appellant to arrange for the timely transmission of the record, including any transcripts of proceedings, * * * and to ensure that the appellate court file actually contains all parts of the record that are necessary to the appeal." Loc.R. 5(A) of the Ninth Dist. Court of Appeals. *See also Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp* at 199.

{¶7} Because the transcript of proceedings is not part of the record, this Court does not have a record of the trial court's decision to exclude portions of Dr. Totaro's deposition testimony, the evidence presented by parties, or the proceedings related to Ford's motion for a directed verdict. The transcript is, therefore, necessary for resolution of Mr. Owens' assigned error. Without the transcript, this Court has no choice but to presume regularity in the trial court's proceedings and affirm the judgment.

{¶8} Mr. Owens' assignment of error is overruled.

III.

**{¶9}**     Mr. Owens' assignment of error is overruled.  The judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JENNIFER L. LAWTHER, DANIEL A. KIRSCHNER, and COREY J. KUZMA, Attorneys at Law, for Appellant.

SUSAN A. BERES, Assistant Attorney General, for Appellee.

KIRK R. HENRICKSON and SHANA A. SAMSON, Attorneys at Law, for Appellee.

TIMOTHY J. KRANTZ, Attorney at Law, for Appellee.