[Cite as *R.H. v. J.H.*, 2020-Ohio-3402.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

R. H.

    Appellee

v.

J. H.

    Appellant

C.A. No.     18CA0115-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    18DV0246

DECISION AND JOURNAL ENTRY

Dated: June 22, 2020

TEODOSIO, Judge.

{¶1} J.H. appeals the consent agreement and domestic violence civil protection order issued by the Medina County Court of Common Pleas. We reverse and remand.

I.

{¶2} On October 31, 2018, R.H. filed a petition for a domestic violence civil protection order against her spouse, J.H. That same day, the trial court issued an ex parte protection order and scheduled the matter for a full hearing to be held on November 15, 2018. The trial court's docket includes a notice of failure of service upon J.H., indicating that service was attempted by the Cuyahoga County Sheriff but was not successful.

{¶3} On the day of hearing, R.H. and her counsel appeared, with J.H. appearing without counsel. The magistrate indicated the parties could either go forward with a full hearing or discuss a consent agreement, with both parties indicating a willingness to attempt a consent agreement. During these discussions, J.H. made a request for a continuance in order to seek counsel, which

was denied by the magistrate. Negotiations then continued, with the parties arriving at a consent agreement and a domestic violence civil protection order that was signed by both parties.

{¶4} J.H. now appeals, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DENYING [J.H.]'S MOTION FOR CONTINUANCE.

{¶5} In his first assignment of error, J.H. argues the trial court erred by denying his motion for a continuance. We agree.

{¶6} Under R.C. 3113.31(D)(2)(a), the trial court may grant a continuance of the full hearing of domestic violence civil protection order if: the respondent has not been served with notice prior to the date of hearing; the parties consent to a continuance; the continuance is needed to allow a party to obtain counsel; or the continuance is needed for other good cause. The grant or denial of a motion for continuance is reviewed for an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). *Accord Swedlow v. Reigler*, 9th Dist. Summit No. 26710, 2013-Ohio-5562, ¶ 9. *See* Sup.R. 41(A) ("The continuance of a scheduled trial or hearing is a matter within the sound discretion of the trial court for good cause shown."). An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7} "In determining whether to grant or deny a motion for a continuance, the trial court must balance 'any potential prejudice to a [party against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.'" *Dus v.*

*Dus*, 9th Dist. Summit No. 18770, 1998 WL 733724, *2 (Oct. 21, 1998), quoting *Unger* at 67. In evaluating a motion for a continuance, a trial court should consider:

> the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Unger* at 67-68. This Court examines the same factors in its review of the trial court's decision relative to the motion for continuance. *Schiesswohl v Schiesswohl*, 9th Dist. Summit No. 21629, 2004-Ohio-1615, ¶ 20.

{¶8} Although entrusted to the discretion of the trial court, the denial of a motion for a continuance can have grave consequences, particularly when the motion is related to counsel's ability to mount a defense on the client's behalf. *See State v. Sowders*, 4 Ohio St.3d 143, 144 (1983). In this respect, the denial of a request for a continuance can be "so arbitrary as to violate due process." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). "'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *Unger* at 67, quoting *Ungar* at 589. Thus, "not every denial of a continuance constitutes a denial of due process." *State v. Broom*, 40 Ohio St.3d 277, 288 (1988), citing *Ungar* at 589.

{¶9} At the commencement of the hearing on the petition for a domestic violence civil protection order, the magistrate stated there were two options: (1) to go forward with a final hearing after which the magistrate would determine if a protection order, which could last for up to five years, should be issued; or (2) the parties could agree to a consent agreement. The magistrate noted that violation of either order could result in being held in contempt of court or being charged

with the crime of violating a protection order.  J.H. stated that he was open to discussing a consent agreement.

{¶10}  During their discussion on the record, the parties agreed that R.H. would have exclusive possession of an apartment in Strongsville.  The parties, who worked in the same office, also agreed that J.H. could go to the office from Monday through Thursday, while R.H. would only go to the office on Fridays.  While the parties were discussing the use of an automobile, J.H. expressed concern, and the following exchange took place:

> J.H.:  I am so sorry.  I think I am going to need to seek counsel.  I am so sorry to waste your time today.
> Is that okay?

> MAGISTRATE:  Well, I mean, the options are: Either we proceed with the hearing or we have a consensus to this.

> J.H.:  Even though I just got served yesterday and my attorney wasn't able to show today with less than 24-hour notice?
> All I am asking for is a little bit of time to hire an attorney.

> MAGISTRATE:  I guess the issue is that we have been doing this, and if you were unsure going in about what happens, you didn't request a continuance before.

> J.H.:  I got served yesterday.  I just found out about all this yesterday.

> ***

> MAGISTRATE:  Yeah, I mean, generally speaking, these hearings, these are scheduled quickly, and that is – that is the nature of it.
> And if you are not comfortable with entering into an agreement on it, that is okay, you know, that is fine, you don't have to, but we will move forward with the hearing and have, you know, kind of the full hearing on it whether or not she is entitled to a protection order.

> J.H.:  So I am not – I wouldn't be able to get a postponement to get an attorney?

> MAGISTRATE:  Well, no, I mean, you are – we are here now, and it is – we are a half an hour in.

At that point, discussions continued until an agreement was reached and a consent agreement and domestic violence civil protection order was signed by the parties.

{¶11} In examining the circumstances of this matter under the factors set forth in *Unger*, it appears from the record that this was the sole continuance requested. Although no specific length of continuance was requested, J.H. asked for "a little bit of time to hire an attorney." There appeared to be no witnesses or other individuals who would have been inconvenienced by a short delay, other than the parties themselves and R.H.'s attorney. While we recognize there was an inconvenience to the opposing party and to the court when a request was made one-half hour into discussions, this inconvenience alone did not necessarily override the potential prejudice; the nature of the proceedings could clearly involve serious consequences, including both the possibilities of civil contempt and criminal charges for violation of the agreement.

{¶12} J.H.'s stated reason for the continuance was for the purpose of acquiring counsel. Thus, there appeared to be a legitimate reason for the request, where the evidence indicated service of notice of the hearing had been made less than 24 hours earlier. There was no evidence these were circumstances of J.H.'s own making. Although counsel for R.G. stated that he believed J.H. had been "very well aware of this for quite some time[,]" there is no evidence to contradict J.H.'s testimony that he was served with notice only one day before the hearing.

{¶13} We are also concerned with the magistrate's response to the request for a continuance. Rather than engaging in any consideration of the particular circumstances and factors surrounding the request as set forth in *Unger*, the magistrate stated that either the parties reach an agreement through consent or a full hearing would go forward, the implication being that a continuance of the proceedings was simply not an option. The rationale for denying the request appears to be conveyed by the magistrate's comment that "generally speaking, these hearings,

these are scheduled quickly, and that is – that is the nature of it." Although the trial court has a right to control its own docket and the public has an interest in the prompt and efficient dispatch of justice, this comment seems to suggest that the expediency of the proceeding was the controlling factor, even at the expense of a party's ability to retain counsel. We note that an ex parte protection order had been in effect since October 31, 2018, thereby limiting the necessity of an immediate hearing.

{¶14} For these reasons, we find that the trial court's decision to deny the request for a continuance was arbitrary and unreasonable, and therefore constituted an abuse of discretion. J.H.'s first assignment of error is sustained.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN ADOPTING THE NOVEMBER 19, 2018[,] CONSENT ORDER AND DOMESTIC VIOLENCE CIVIL PROPTECTION ORDER WHICH IS THE PRODUCT OF DURESS, OVERREACHING AND UNDUE INFLUENCE.

{¶15} In his second assignment of error, J.H. argues the trial court erred in adopting the consent agreement and domestic violence civil protection order because it was the product of duress, overreaching, and undue influence. We decline to address the second assignment of error because our resolution of the first assignment of error has rendered it moot.

III.

{¶16} J.H.'s first assignment of error is sustained. We decline to address the second assignment of error. The judgment of the Medina County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision.

Judgment reversed
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOSEPH G. STAFFORD and NICOLE A. CRUZ, Attorneys at Law, for Appellant.

DAVID M. LENEGHAN and K. SCOTT CARTER, Attorneys at Law, for Appellee.