[Cite as *Hamrick v. Maloof*, 2021-Ohio-1535.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| MARK HAMRICK | C.A. No. 20CA0025-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM MALOOF | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 17CIV1138 |

DECISION AND JOURNAL ENTRY

Dated: May 3, 2021

TEODOSIO, Judge.

{¶1} Defendant-Appellant, William Maloof, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} Plaintiff-Appellee, Mark Hamrick, began working part-time at Thrifty Propane, Inc. ("Thrifty Propane") in 2004 and transitioned to a full-time position in 2011. He acted as the company's fleet manager and worked for Mr. Maloof, who functioned as the de facto head of the company. In April 2015, Mr. Hamrick was placed on unpaid administrative leave for reasons unknown to him. He soon learned, however, that Mr. Maloof had accused him of theft. Specifically, Mr. Maloof had told others that Mr. Hamrick was selling propane tanks from his home on the side and stealing propane, parts, copper, brass, and black iron. Mr. Hamrick never returned to Thrifty Propane and, for the next several years, he was forced to accept different and

temporary positions that paid significantly less than the salary he had been earning at Thrifty Propane.

{¶3} Mr. Hamrick ultimately filed this suit against Mr. Maloof, Thrifty Propane, and Carrie Benton, alleging defamation per se. He was unable to perfect service upon Thrifty Propane or Ms. Benton, but successfully served Mr. Maloof. Specifically, a process server personally served Mr. Maloof with the complaint at his residence. Because Mr. Hamrick was unable to perfect service upon the other defendants, the trial court ultimately dismissed the case against them without prejudice.

{¶4} Mr. Maloof did not file an answer or other responsive pleading. A jury trial was scheduled before a magistrate, and notices of the trial were issued. On the day of trial, Mr. Hamrick appeared with counsel, and it was the magistrate's understanding that Mr. Maloof had not appeared. Mr. Hamrick chose to try the case to the magistrate, and the magistrate dismissed the jury pool. Shortly after Mr. Hamrick began testifying, however, the magistrate learned that Mr. Maloof was present in the courtroom. The magistrate learned that Mr. Maloof had been present the entire time and had not announced himself. As a result, a mistrial was declared, and a new trial date was announced.

{¶5} Ten days before the rescheduled trial was set to occur, Mr. Hamrick filed a motion for default judgment against Mr. Maloof. The magistrate set the matter for a motion hearing and scheduled the hearing for the day of trial. On the morning of the scheduled hearing, an attorney filed a notice of appearance on behalf of Mr. Maloof. He and Mr. Maloof then appeared at the hearing and asked the magistrate for a continuance. Mr. Maloof claimed that a continuance was warranted because he had just learned of the rescheduled trial date five days earlier. It was his contention that the clerk of courts had initially mailed his notice of the rescheduled trial date to the

wrong address. Yet, the magistrate rejected his contention, finding that he had been served at the address where he lived and where a process server had successfully served him with the complaint. The magistrate refused to continue the matter and granted a default judgment against him on the issue of liability.

{¶6} Mr. Maloof filed objections to the magistrate's decision as well as a motion for leave to file an answer. The trial court held a hearing on his objections and, at its conclusion, overruled the objections and adopted the magistrate's decision. The court entered judgment against Mr. Maloof on the issue of liability, issued discovery orders, and set the matter for a trial on damages.

{¶7} Mr. Maloof subsequently served Mr. Hamrick with interrogatories, but Mr. Hamrick failed to respond. Six days before the scheduled trial on damages, Mr. Maloof filed a motion to compel and asked the court for a continuance. Though Mr. Hamrick immediately supplied Mr. Maloof with his response to the interrogatories, he objected to two of the questions contained therein. On the morning of trial, Mr. Maloof again asked for a continuance because Mr. Hamrick had not provided him with certain information. The trial judge spoke with both parties and ordered Mr. Hamrick to provide Mr. Maloof with the materials he sought. The judge then ordered the trial postponed until the following day.

{¶8} The damages trial commenced the next day, and a jury awarded Mr. Hamrick damages in the amount of $150,000. After the trial court entered judgment in that amount, Mr. Maloof filed a motion for judgment notwithstanding the verdict and a motion for new trial. The magistrate held a hearing on his motions and denied them. Mr. Maloof then filed objections to the magistrate's decision. Upon review, the trial court overruled his objections and left intact the judgment in favor of Mr. Hamrick in the amount of $150,000.

{¶9} Mr. Maloof now appeals from the trial court's judgment and raises four assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT WILLIAM MALOOF LEAVE TO FILE HIS ANSWER AND IN GRANTING PLAINTIFF DEFAULT JUDGMENT AS TO LIABILITY.

{¶10} In his first assignment of error, Mr. Maloof argues that the trial court erred when it granted a default judgment against him on the issue of liability. According to Mr. Maloof, he lacked proper notice of the default proceedings because he was not served with either the motion for default judgment or the court's notice of hearing on the motion for default judgment. He argues that the default judgment against him is either void for lack of personal jurisdiction or subject to vacatur because it violated his due process rights. For the following reasons, we reject his argument.

{¶11} This Court generally reviews a trial court's action regarding a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. This Court applies the abuse of discretion standard when reviewing a trial court's decision to grant or deny a default judgment. *Third Federal Savings & Loan v. Sutton*, 9th Dist. Summit No. 28763, 2018-Ohio-2003, ¶ 11. An abuse of discretion implies the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} If "a party defending a claim has 'failed to plead or otherwise defend,' the court may, upon motion, enter a default judgment on behalf of the party asserting the claim." *Ohio*

*Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 120 (1986), quoting Civ.R. 55(A). "The due process protections of Civ.R. 55 are triggered whenever the non-moving party * * * has already made an appearance in the case at issue." *Bank of New York v. Smith*, 9th Dist. Summit No. 21534, 2003-Ohio-4633, ¶ 7. In those circumstances, "a defendant who has appeared in the action must 'be served with written notice of the application for [default] judgment at least seven days prior to the hearing on such application.'" *Picket v. Katz & Co. Salon*, 9th Dist. Summit No. 25851, 2011-Ohio-4396, ¶ 4, quoting Civ.R. 55(A). "Proper service of process is required before a court can render a valid default judgment." *Hall v. Silver*, 9th Dist. Summit No. 28798, 2018-Ohio-1706, ¶ 20.

{¶13} Mr. Maloof argues that the trial court erred when it granted a default judgment against him because he was not served with Mr. Hamrick's motion for default or the court's notice of the default hearing. He claims that he was entitled to notice because, while he never filed an answer or responsive pleading, he appeared in the action. Specifically, he appeared at the originally scheduled trial and, prior to the default judgment being entered, his attorney filed a notice of appearance. Because the court entered a default judgment against him in the absence of proper service, Mr. Maloof argues, its judgment is void.

{¶14} Initially, we note that Mr. Maloof's captioned assignment of error includes an argument that the trial court erred when it denied his motion for leave to file an answer.[1] In the body of his brief, however, Mr. Maloof has focused strictly on the issues of notice, service of process, and the court's decision to enter a default judgment. He has not set forth any argument regarding his motion for leave. *See* App.R. 16(A)(7). Nor has he broached the subject of excusable

---

[1] As previously noted, Mr. Maloof filed a motion for leave to answer after the magistrate entered a default judgment against him.

neglect. *See, e.g., J.P. v. M.H.*, 9th Dist. Lorain No. 18CA011450, 2020-Ohio-13, ¶ 20-23. While an assignment of error acts as a roadmap to guide our review, "it is not the function of this Court to construct a foundation for [an appellant's] claims." *Estate of Gravis v. Coffee*, 9th Dist. Summit No. 28815, 2019-Ohio-2806, ¶ 24. We may disregard an assignment of error when an appellant has not set forth any argument in support of that assignment. *See, e.g., State v. Ivery*, 9th Dist. Summit No. 28551, 2018-Ohio-2177, ¶ 17. Because Mr. Maloof has not addressed the denial of his motion for leave in the body of his brief, we decline to address that issue. *See id.* We limit our review to his argument that the default judgment against him is void because he was not served with notice of the default proceedings.

{¶15} Upon review, we must conclude that Mr. Maloof's argument fails in several respects. First, the record reflects that he did not preserve his argument in the lower court. *See* Civ.R. 53(D)(3)(b)(iv). The magistrate specifically found that Mr. Maloof was served with all motions and notices at his home address. Mr. Maloof confirmed his address at the default hearing, and the magistrate determined that the docket reflected the service of all motions and notices to that address. Mr. Maloof did not challenge the magistrate's finding or its legal conclusion about service in his objections to the magistrate's decision. Accordingly, he forfeited that argument for appellate review. *See id. See also Phillips v. Hostetler*, 9th Dist. Summit No. 28397, 2017-Ohio-2834, ¶ 12.

{¶16} Second, even assuming Mr. Maloof did not forfeit his argument by failing to object, he has not provided this Court with a complete record. *See Owens v. Ford Motor Co. Ohio Truck Plant Div.*, 9th Dist. Lorain No. 18CA011422, 2019-Ohio-3136, ¶ 6 (noting that it is the duty of an appellant to ensure the appellate record is complete). The trial court held an oral hearing on Mr. Maloof's objections to the magistrate's decision and his motion for leave to file an answer to

the complaint. Yet, the record does not contain a transcript of that hearing. The trial court indicated that it reached its decision, in part, based on the arguments of counsel. Without a complete record of the proceedings, this Court is compelled to affirm the trial court's decision. *See id.* at ¶ 6-7.

{¶17} Finally, even assuming we were able to address Mr. Maloof's argument based on the partial record that is before us, the partial record refutes his contention that he was not served with the motion for default judgment or notice of the hearing on default judgment. Both items reflect that they were served upon him by regular mail at the address where he resided. Because both items were served by regular mail, service was deemed complete upon their mailing. Civ.R. 5(B)(2)(c). Each item was mailed at least seven days before the scheduled default hearing, *see* Civ.R. 55(A), and Mr. Maloof's attorney acknowledged at the default hearing that Mr. Maloof had received the court's notice several days earlier. Thus, the record itself belies his claim that he was not served with the motion for default judgment or the court's notice of the hearing on the same. For the foregoing reasons, Mr. Maloof has not shown that the trial court erred when it granted a default judgment against him on the issue of liability. His first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT WILLIAM MALOOF A CONTINUANCE OF THE TRIAL DATE WHEN PLAINTIFF FAILED TO RESPOND TO DISCOVERY UNTIL THE MORNING OF TRIAL AND FAILED TO RESPOND IN FULL TO DISCOVERY AT ALL ONLY PROVIDING A PARTIAL PRODUCTION.

{¶18} In his second assignment of error, Mr. Maloof argues that the trial court erred when it denied his motion to continue the trial on damages. For the following reasons, we reject his argument.

{¶19} This Court reviews for an abuse of discretion a trial court's decision to grant or deny a continuance. *R.H. v. J.H.*, 9th Dist. Medina No. 18CA0115-M, 2020-Ohio-3402, ¶ 6. An abuse of discretion implies the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219. When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶20} "In determining whether to grant or deny a motion for a continuance, the trial court must balance 'any potential prejudice to a [party against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.'" *Dus v. Dus*, 9th Dist. Summit No. 18770, 1998 WL 733724, *2 (Oct. 21, 1998), quoting *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). A trial court should consider

> the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Unger* at 67-68. "'[N]ot every denial of a continuance constitutes a denial of due process.'" *R.H.* at ¶ 8, quoting *State v. Broom*, 40 Ohio St.3d 277, 288 (1988).

{¶21} Mr. Maloof sought a continuance six days before the scheduled trial on damages. He made his request as part of a motion to compel, which he filed because Mr. Hamrick had not responded to discovery. Mr. Maloof notified the court that he had served Mr. Hamrick with interrogatories the previous month, but Mr. Hamrick had not responded. He argued that the answers to the interrogatories were vital to his ability to prepare for trial, as he needed Mr. Hamrick "to actually list damages caused by the alleged [defamation]." He asked the trial court to continue the trial "until such a time as [Mr. Hamrick] has answered the interrogatories."

{¶22} On the morning of trial, Mr. Maloof's counsel notified the court that Mr. Hamrick had answered his interrogatories but had objected to two important questions. Specifically, he had objected to the questions that asked him to identify the specific amount of damages he sought and to provide "some sort of accounting for those damages * * *." Mr. Maloof's counsel indicated that he required answers to those questions. He asked the court to continue the trial "until such a time as [Mr. Hamrick] answer[ed] [them]."

{¶23} The trial court spoke with Mr. Hamrick's counsel and, as a result, his counsel orally advised the defense that Mr. Hamrick would be seeking $500,000 in damages. He also advised the defense that Mr. Hamrick would be testifying as to his wage loss. The trial court chastised Mr. Hamrick's counsel at length for failing to respond to the interrogatories in a timely manner and for objecting when he finally did respond. Even so, the court indicated that it was not inclined to continue the matter as it was an old case, a pool of fifty jurors was waiting for the trial to commence, and it was the second time a jury had been convened to try the case. The court asked Mr. Maloof's counsel what additional information he required, and he indicated that the defense wanted an accounting of Mr. Hamrick's damages. Mr. Hamrick's counsel then outlined the amount Mr. Hamrick had been earning when he lost his job and the reduced earnings that he had managed elsewhere for the next four years. Mr. Hamrick's counsel also produced his client's tax records and provided them to Mr. Maloof. When the court asked Mr. Maloof what else he needed, his counsel answered that "[t]hose were the main things * * *." The court then indicated that the trial would be continued until the following morning. Before concluding for the day, the court had each party identify the witnesses they intended to call. Mr. Hamrick's counsel indicated that the only witnesses he would be calling were Mr. Hamrick and his wife. When the trial commenced the following morning, Mr. Maloof gave no indication that he was not ready to proceed.

{¶24} Mr. Maloof argues that the trial court abused its discretion when it denied his motion for a continuance. According to Mr. Maloof, the court placed him in the "precarious position of moving forward with trial without discovery responses." He argues that he was not adequately prepared for trial and, given the age of the case, there was no reason it could not have been postponed. Because the court required him to proceed without discovery responses, he avers, the trial was fundamentally unfair.

{¶25} Upon review, the record does not support Mr. Maloof's claim that the trial court denied him a continuance. He asked the court to continue the trial until he received certain information from Mr. Hamrick. The court ensured that he received that information before trial. Indeed, the court postponed the trial for a day so that he could review it. Mr. Maloof did not object to the one-day continuance. Nor did he indicate that he was unprepared for trial when he came before the court the next day. On its face, the record negates his claim that the court forced him to proceed without discovery responses because it refused to continue the trial.

{¶26} Even if we were to construe Mr. Maloof's argument as a challenge to the duration of the continuance the court allowed, we would be unable to conclude that the court abused its discretion by limiting the continuance to a single day. *See R.H.*, 2020-Ohio-3402, at ¶ 6. Again, Mr. Maloof's request for a continuance was contingent upon him receiving information from Mr. Hamrick, and he received that information in advance of trial. The trial court required Mr. Hamrick to outline his request for damages and the evidence he planned to introduce to substantiate that request. When the court asked Mr. Maloof whether there was anything else that he needed, he indicated that those items were the "main things" he had needed. In limiting the continuance to a single day, the court considered the potential prejudice to Mr. Maloof, the age of the case, the history of the case, and the fact that a jury pool had already been convened. *See Unger*, 67 Ohio

St.2d at 67-68. Moreover, as noted, Mr. Maloof did not object to the length of the continuance the court ordered or indicate that he was unprepared to proceed when he appeared the following day. In light of the foregoing circumstances, we cannot conclude that the trial court acted unreasonably, arbitrarily, or unconscionably when it ordered the trial to proceed after a continuance of a single day. *See Blakemore*, 5 Ohio St.3d at 219; *Pons*, 66 Ohio St.3d at 621. Thus, Mr. Maloof's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT WILLIAM MALOOF'S MOTION FOR RELIEF FROM JUDGMENT FILED POST TRIAL.

{¶27} In his third assignment of error, Mr. Maloof argues that the trial court erred when it denied him relief from judgment. Specifically, he argues that the jury's damage award is not sustained by the weight of the evidence. For the following reasons, we reject his assignment of error.

{¶28} Mr. Maloof has framed his argument on appeal as one challenging the trial court's decision to deny him relief from judgment pursuant to Civ.R. 60(B). He has set forth the five grounds for relief contained in Civ.R. 60(B)(1)-(5) and the elements a movant must satisfy to prevail upon a motion for relief from judgment. *See GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Yet, the record reflects that he never filed a Civ.R. 60(B) motion for relief from judgment or otherwise moved for relief pursuant to that rule. He only filed a motion for judgment notwithstanding the verdict and a motion for new trial. "'Arguments that were not raised in the trial court cannot be raised for the first time on appeal.'" *Lloyd v. Burlington Coat Factory Warehouse Corp.*, 9th Dist. Summit No. 28908, 2019-Ohio-4883, ¶ 13, quoting *JPMorgan Chase Bank, N.A. v. Burden*, 9th Dist. Summit No. 27104,

2014-Ohio-2746, ¶ 12. Because Mr. Maloof did not file a Civ.R. 60(B) motion in the lower court, he cannot argue that he was entitled to relief from judgment under that rule. *See Lloyd* at ¶ 13.

{¶29} Mr. Maloof also argues that he was entitled to judgment notwithstanding the verdict because the jury's damage award was not sustained by the weight of the evidence. He argues that there was insufficient evidence to support a finding that Mr. Hamrick's damages "were 100% the direct result" of any alleged defamation. According to Mr. Maloof, Mr. Hamrick did not prove that he was fired because he was defamed. He also argues that the jury disregarded evidence tending to show that, following his termination from Thrifty Propane, Mr. Hamrick bore a certain percentage of responsibility for his reduction in income. He claims that the jury lost its way when it awarded $150,000 in damages, ignored Mr. Hamrick's duty to mitigate, and failed to reduce the damage award "for the income paid by [Mr. Maloof] and the income earned by [Mr. Hamrick] in subsequent employment."

{¶30} The record reflects that Mr. Maloof filed a motion for judgment notwithstanding the verdict, as well as other post-judgment motions, and the magistrate held a hearing on his motions. Following the hearing, the magistrate issued a decision denying his motion for judgment notwithstanding the verdict, as "there [were] no adequate grounds to set aside the jury verdict." Mr. Maloof objected to the magistrate's decision, cited the evidence introduced at trial, and maintained that the jury had lost its way in determining damages. Upon review, the trial court overruled his objections and denied his motion.

{¶31} "[T]his Court reviews a trial court's grant or denial of a judgment notwithstanding the verdict de novo." *Jackovic v. Webb*, 9th Dist. Summit No. 26555, 2013-Ohio-2520, ¶ 15. *See also Tabatabai*, 2009-Ohio-3139, at ¶ 18 (noting that trial court's action on magistrate's decision reviewed with reference to the nature of the underlying matter). A judgment notwithstanding the

verdict "is proper if upon viewing the evidence in a light most favorable to the non-moving party and presuming any doubt to favor the nonmoving party reasonable minds could come to but one conclusion, that being in favor of the moving party." *Williams v. Spitzer Auto World Amherst, Inc.*, 9th Dist. Lorain No. 07CA009098, 2008-Ohio-1467, ¶ 9. A verdict cannot be set aside under Civ.R. 50(B) on the grounds that it is against the weight of the evidence. *Stamper v. Belle Tire Distribs., Inc.*, 9th Dist. Medina No. 18CA0034-M, 2019-Ohio-4220, ¶ 8. Nor can a Civ.R. 50(B) motion be used to challenge the amount of a jury's damage award. *Designers Choice, Inc. v. Attractive Floorings, LLC*, 9th Dist. Lorain No. 19CA011576, 2020-Ohio-4617, ¶ 9. The rule "provides the means to challenge the jury's verdict, not [its] award of damages." *Jemson v. Falls Village Retirement Community, Ltd.*, 9th Dist. Summit No. 20845, 2002-Ohio-4155, ¶ 17. "[A] claim that the evidence fails to support the damages award is appropriately raised in a motion for new trial." *Alonso v. Thomas*, 9th Dist. Lorain No. 19CA011483, 2021-Ohio-341, ¶ 64.

{¶32} Upon review, we cannot conclude that the trial court erred when it denied Mr. Maloof's motion for judgment notwithstanding the verdict. A Civ.R. 50(B) motion was not the appropriate mechanism through which he could challenge the jury's damage award. *Designers Choice, Inc.* at ¶ 9. Notably, the trial court entered a default judgment against Mr. Maloof on the issue of liability, so there was no jury verdict for him to contest on that issue. *See Summit at St. Andrews Home Owners Assn. v. Kollar*, 7th Dist. Mahoning No. 11 MA 49, 2012-Ohio-1696, ¶ 13. "[His] assertion that the evidence [did] not support the [jury's] award of damages [was] better placed in [an] argument for a new trial * * *." *Jemson* at ¶ 17. Thus, the trial court did not err when it overruled his objections and adopted the magistrate's decision to deny his Civ.R. 50(B) motion.

{¶33}  Mr. Maloof's third assignment of error also contains a brief argument that he was entitled to a new trial.  We decline to address his argument at this time, however, as it is the crux of his fourth assignment of error and will be addressed therein.  *See* Discussion, *infra*.  His third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT WILLIAM MALOOF'S MOTION FOR A NEW TRIAL.

{¶34}  In his fourth assignment of error, Mr. Maloof argues that the trial court erred when it denied his motion for a new trial.  We do not agree.

{¶35}  Pursuant to Civ.R. 59, a new trial may be granted for any of the following reasons:

(1) Irregularity in the proceedings * * * by which an aggrieved party was prevented from having a fair trial;

(2) Misconduct of the jury or prevailing party;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;

(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

(7) The judgment is contrary to law;

(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;

(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.

Civ.R. 59(A)(1)-(9).  Additionally, a new trial may be granted "in the sound discretion of the court for good cause shown."  Civ.R. 59(A).  "Depending upon the basis of a motion for a new trial, this

Court reviews the trial court's decision to grant or deny the motion under either a de novo or an abuse of discretion standard of review." *Calame v. Treece*, 9th Dist. Wayne No. 07CA0073, 2008-Ohio-4997, ¶ 13. *See also Tabatabai*, 2009-Ohio-3139, at ¶ 18.

{¶36} In moving for a new trial, Mr. Maloof did not cite any of the specific grounds outlined in Civ.R. 59(A). He argued that he was entitled to a new trial because: (1) the jury's verdict was not sustained by the weight of the evidence; (2) Mr. Hamrick's actions in providing him with discovery "only hours" before trial affected his ability to prepare; and (3) Mr. Hamrick's counsel improperly appealed to the jury's sympathy by criticizing him (Mr. Maloof) for not testifying. He further argued that he was entitled to a new trial because "the jury was unduly influenced by the statements that [he] committed this offense and made these statements when there was never any testimony that established what was said, what the defamatory statements were, and the combination of the allegations in the pleading was insufficient to support same statements."

{¶37} The magistrate denied Mr. Maloof's motion for new trial, finding that he had failed to satisfy any of the grounds set forth in Civ.R. 59(A) or otherwise demonstrate that good cause existed for granting a new trial. Mr. Maloof then objected to the magistrate's decision and reiterated that he was entitled to a new trial for the reasons outlined above. The trial court overruled his objections and adopted the magistrate's decision to deny the motion for a new trial.

{¶38} Upon review, we cannot conclude that the trial court erred when it overruled Mr. Maloof's objections and denied his motion for a new trial. Several portions of Mr. Maloof's argument appeared to challenge the sufficiency of Mr. Hamrick's evidence on the issue of liability (i.e., whether he proved that any defamatory statements were made). That issue was not before the jury, however, as it had already been determined by default judgment. Because Mr. Maloof

already had a default judgment against him, Mr. Hamrick was not required to prove liability at the damages trial. Nor was he required to prove actual damages. His damages were presumed because Mr. Hamrick was found liable for defamation per se. *See Lopez v. Thomas*, 9th Dist. Summit No. 27115, 2014-Ohio-2513, ¶ 10. The trial court specifically instructed the jury that Mr. Hamrick had prevailed on the issue of liability, that they were to assume his reputation had been injured, and that the purpose of the trial was to determine the extent of his damages. Thus, Mr. Maloof was not entitled to a new trial based on Mr. Hamrick's alleged failure to prove the elements of defamation at trial.

{¶39} Mr. Maloof also failed to show that he was entitled to a new trial on the basis that the jury's damage award was either excessive or not sustained by the weight of the evidence. The assessment of damages is a matter that lies "'thoroughly within the province of the jury'" and will not be disturbed "'absent an affirmative finding of passion and prejudice or a finding that the award is manifestly excessive.'" (Emphasis omitted.) *Price v. KNL Custom Homes, Inc.*, 9th Dist. Summit No. 26968, 2015-Ohio-436, ¶ 46, quoting *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 654 (1994). Mr. Maloof made no attempt to satisfy the foregoing standard, and the record itself cuts against any such finding. Mr. Hamrick testified that he was on track to earn $100,000 per year with Thrifty Propane beginning in 2015. He testified that, following his termination, he earned far less from temporary work and was unable to find permanent, secure employment of that nature. He introduced his tax records from 2015, 2016, 2017, and 2018, and those records showed that he earned far less money in those years. His wife also testified how his financial struggles impacted their family and forced her to return to the workforce. Although Mr. Hamrick requested $500,000 in damages, the jury awarded him less than one-third of that amount (i.e., $150,000). The jury also chose not to award him any special damages. The record, therefore, does not support

Mr. Maloof's argument that the jury lost its way, issued an excessive award, or disregarded Mr. Hamrick's duty to mitigate his damages.

{¶40} To the extent Mr. Maloof argues that he was entitled to a new trial due to a discovery delay, he has not shown that the delay affected his substantial rights. *See* Civ.R. 61. The trial court required Mr. Hamrick to divulge the information and documents Mr. Maloof sought, confirmed that Mr. Maloof had the items he needed, and postponed the trial for a day so that he could review that evidence. *See* Discussion, *supra*. The following day, Mr. Maloof gave the court no indication that he was not prepared to go forward with the trial. Absent any actual showing of prejudice, we cannot conclude that the trial court erred when it refused to award Mr. Maloof a new trial. *See* Civ.R. 61.

{¶41} Finally, we reject Mr. Maloof's argument that he was entitled to a new trial because Mr. Hamrick's counsel improperly appealed to the sympathy of the jury. During closing argument, Mr. Hamrick's counsel criticized Mr. Maloof for not taking the stand and for not apologizing to Mr. Hamrick. Although the court allowed counsel to comment on Mr. Maloof's failure to testify, it briefly stopped his argument and instructed the jury that its job was not to determine punishment or to consider any type of punitive damages. The court reiterated that Mr. Hamrick's claim was strictly for compensatory damages, and the court later instructed the jury on compensatory damages.

{¶42} This Court has recognized that "the failure of the defendant in a civil action to testify may properly be commented upon to the jury." *Whitlatch & Co. v. Stern*, 9th Dist. Summit No. 15345, 1992 WL 205071, *8 (Aug. 19, 1992). Because Mr. Maloof chose not to testify, Mr. Hamrick's counsel was free to comment on his choice. Even so, the court's cautionary instruction also acted to protect Mr. Maloof's right to a fair trial, as it ensured that the jury would not award

damages for the purpose of punishing him. *See Tesar Indus. Contrs., Inc. v. Republic Steel*, 9th Dist. Lorain Nos. 16CA010957, 16CA010960, 2018-Ohio-2089, ¶ 40. Upon review, Mr. Maloof has not shown that the trial court erred when it denied his motion for a new trial. Accordingly, his fourth assignment of error is overruled.

## III.

{¶43} Mr. Maloof's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MIKE CALLOW, Attorney at Law, for Appellant.

TOM LEROY ERB, Attorney at Law, for Appellant.

JOHN F. BURKE III, Attorney at Law, for Appellee.