[Cite as *C.M.R. v B.T.B.S.*, 2023-Ohio-1973.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| C.M.R., | : | |
| Petitioner-Appellee, | : | No. 111959 |
| v. | : | |
| B.T.B.S., | : | |
| Respondent-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED; REMANDED
**RELEASED AND JOURNALIZED:** June 15, 2023

Civil Appeal from the Cuyahoga County Common Pleas Court
Domestic Relations Division
Case No. DV-22-391045

## *Appearances:*

L. Ray Jones, *for appellant*.

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Respondent-appellant B.T.B.S. appeals the consent agreement and domestic violence civil protection order entered by the Cuyahoga County Court of Common Pleas, Domestic Relations Division. B.T.B.S. contends that the trial court abused its discretion in denying his request for a continuance. For the reasons that follow, we reverse and remand for further proceedings.

**Procedural and Factual Background**

{¶ 2} On August 4, 2022, petitioner-appellee C.M.R. filed a petition for a domestic violence civil protection order against his stepson, 19-year-old B.T.B.S. C.M.R. sought protection for himself, his minor daughter, An.R. (B.T.B.S.'s half-sister), his daughter, O.R. (B.T.B.S.'s stepsister), and his minor son, Al.R. (B.T.B.S.'s stepbrother). That same day, an ex parte hearing was held. The magistrate issued an ex parte domestic violence civil protection order (the "ex parte protection order") and scheduled the matter for a full hearing to be held on Thursday, August 11, 2022. The return of service, which was filed with the court on August 8, 2022, indicates that the Cuyahoga County Sheriff's Department personally served B.T.B.S., on Friday, August 5, 2022, with a copy of the ex parte protection order and notice of hearing.

{¶ 3} On the day of the full hearing, C.M.R. appeared with counsel and B.T.B.S. appeared without counsel.[1] At the outset of the hearing, B.T.B.S. requested a continuance to retain an attorney because he had been unsuccessful in his efforts to locate an attorney to represent him on such short notice. The magistrate inquired as to what efforts B.T.B.S. had made to obtain an attorney. B.T.B.S. replied that he had "gone through five people" since he received notice of the hearing and offered to show the magistrate the list of persons he had contacted. The magistrate said she

---

[1] The consent agreement and domestic violence civil protection order states that C.M.R. and B.T.B.S. were "both self-represented" at the August 11, 2022 hearing. This is incorrect. The transcript of the hearing reflects that C.M.R. was represented by counsel at the hearing. B.T.B.S. was not.

did not "need to see the names" and informed B.T.B.S. that she was "not going to grant [his] request for a continuance, unless it is agreed to." C.M.R. objected to the request for continuance, and the magistrate denied B.T.B.S.'s request for continuance.

{¶ 4} The magistrate then explained the procedure that would be followed if a full hearing were held on the matter. The magistrate stated, "Understanding all of that, and the fact that I cannot grant your request for continuance because they objected to it, we are going to go forward today." She then inquired whether B.T.B.S. "want[ed] to have a conversation about settlement." Following a discussion off the record, counsel for C.M.R. indicated that C.M.R. would prefer to reach a consent agreement with a three-year term that barred B.T.B.S. from residing in the same house as An.R., i.e., their mother's house, that would otherwise preclude contact by B.T.B.S. with C.M.R., An.R., O.R. and Al.R. and that would allow An.R. to keep "her dog," King. Negotiations continued with the magistrate. During the settlement discussions, as the magistrate began to advise B.T.B.S. regarding the consequences of violating a protection order, B.T.B.S. again raised the issue of his lack of counsel and again requested a continuance in order to obtain counsel:

> THE MAGISTRATE: It's a lot.
>
> I mean the consent agreement is almost 10 pages long, the — what boxes are checked.
>
> How does this affect — [B.T.B.S.] I have to tell you that if you violate this Order, and the police are called, you could be arrested for violating the Order of Protection.

So even if —

[B.T.B.S.]:  I don't have an attorney.

I don't know what to do.

THE MAGISTRATE:  Right.  So I had the tendency [sic] of noticing for today's hearing your mom brought an attorney to sit in the back of the courtroom.[2]

So I am just going to — I am unclear as to why you wouldn't have an attorney?

* * *

[B.T.B.S.]:  I had four days to prepare.

I talked to five different attorneys.  Sunny Simon, William Chris —

THE MAGISTRATE:  You don't have to tell me the names of the attorneys.

But here's the thing, I still have the responsibility to tell you what the consequences are if there is a violation of this Order that you are agreeing to.

Even with your mom's permission, you can't violate this Order of Protection.

Even if your mom says, [n]obody will know.

You can't text her.

Your mom can't say, Look, [B.T.B.S.], I'm on the phone with your sister.  Say hi.

---

[2] The attorney to whom the magistrate was referring was the attorney who was representing B.T.B.S.'s mother, J.R., in the pending divorce proceeding involving J.R. and C.M.R.  At the outset of the hearing, after C.M.R.'s counsel objected to the presence of J.R.'s counsel at the hearing, the magistrate informed J.R.'s counsel that she was not permitted to stay and excluded her from the proceedings.  The magistrate allowed J.R., who was An.R.'s mother and from whose residence C.M.R. was seeking to exclude B.T.B.S., to remain for the proceedings.

You can't do it.

So it's a lot on — you can't use the phone for the next three years, do you understand me?

Now are you still willing to consent to the three — to not see your sister for three years? * * *

[B.T.B.S.]: Can I obtain an attorney?

THE MAGISTRATE: We are going to — are you wanting to obtain an attorney to look over the document?

[B.T.B.S.]: I want to continue this is what I want.

THE MAGISTRATE: I already told you no.

{¶ 5} Negotiations continued, resulting in a consent agreement and a domestic violence civil protection order that was signed by both parties, C.M.R.'s counsel, the magistrate and the trial judge. The consent agreement and domestic violence civil protection order was docketed on August 19, 2022.

{¶ 6} B.T.B.S. appealed, raising the following sole assignment of error for review:

> An abuse of discretion occurred when the Trial Court denied Appellant's repeated requests for a continuance to obtain counsel, because Petitioner's attorney objected, when the Appellant in the three days (24 hour periods) between Service of Summons 4/8/22 [sic] and the Full Hearing 4/11/22 [sic] tried to hire 5 different attorneys who did not accept. The continuance denial thereby depriving Appellant of the due process afforded under RC 3113.31(D)(2)(a)(iii), Appellant feeling pressured entered into a Consent Decree prohibiting contact with his sister, [An.R.], when only Petitioner, [C.M.R.], could have been a protected party.

**Law and Analysis**

{¶ 7} B.T.B.S. argues the trial court abused its discretion in denying his motion for a continuance so that he could obtain counsel to represent him at the full hearing on C.M.R.'s petition for a domestic violence civil protection order. We agree.

{¶ 8} Contrary to the magistrate's assertion, the trial court was not precluded from granting a continuance of the full hearing on C.M.R.'s petition for a domestic violence civil protection order unless C.M.R. agreed to the continuance. R.C. 3113.31(D)(2) states:

> (a) If the court, after an ex parte hearing, issues an order described in division (E)(1)(b) or (c) of this section, the court shall schedule a full hearing for a date that is within seven court days after the ex parte hearing. * * * The court shall hold the full hearing on the date scheduled under this division unless the court grants a continuance of the hearing in accordance with this division. Under any of the following circumstances or *for any of the following reasons, the court may grant a continuance of the full hearing* to a reasonable time determined by the court:
> (i) Prior to the date scheduled for the full hearing under this division, the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing.
> (ii) The parties consent to the continuance.
> (iii) *The continuance is needed to allow a party to obtain counsel.*
> (iv) The continuance is needed for other good cause.
>
> (b) *An ex parte order issued under this section does not expire* because of a failure to serve notice of the full hearing upon the respondent before the date set for the full hearing under division (D)(2)(a) of this section or *because the court grants a continuance* under that division.

(Emphasis added.)

**{¶ 9}** Indeed, the notice of the full hearing B.T.B.S. received stated, in relevant part:

> On the day of the Full Hearing, come prepared to (1) tell the Court what happened, (2) bring with you any witnesses, evidence, and documentation to prove your case, and (3) be aware that the other party or party's attorney may ask you questions. *If you do not have an attorney, you may ask for a brief continuance to obtain an attorney per R.C. 3113.31(D)(2)(a)(iii)* or you may represent yourself.

(Emphasis added.)

**{¶ 10}** Thus, the trial court was clearly authorized under R.C. 3113.31(D)(2)(a)(iii) to grant a continuance to allow B.T.B.S. to obtain counsel regardless of whether C.M.R. consented to the continuance.

**{¶ 11}** The decision to grant or deny a motion to continue is a matter that is generally "entrusted to the broad, sound discretion of the trial judge." *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981); *see also R.J.L. v. K.R.*, 8th Dist. Cuyahoga No. 108228, 2019-Ohio-3667, ¶ 19. A court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A decision is unreasonable if "'no sound reasoning process * * * would support that decision.'" *In re C.D.Y.*, 8th Dist. Cuyahoga No. 108355, 2019-Ohio-4987, ¶ 8, quoting *Baxter v. Thomas*, 8th Dist. Cuyahoga No. 101186, 2015-Ohio-2148, ¶ 21. A decision is arbitrary if it is made "'without consideration of or regard for facts [or] circumstances.'" *In re C.D.Y.* at ¶ 8, quoting *Black's Law Dictionary* 125 (10th Ed.2014).

{¶ 12} "Although entrusted to the discretion of the trial court, the denial of a motion for a continuance can have grave consequences, particularly when the motion is related to counsel's ability to mount a defense on the client's behalf." *R.H. v. J.H.*, 9th Dist. Medina No. 18CA0115-M, 2020-Ohio-3402, ¶ 8, citing *State v. Sowders*, 4 Ohio St.3d 143, 144, 447 N.E.2d 118 (1983). Where the granting of a continuance is necessary to allow a party a reasonable opportunity to obtain counsel or to otherwise prepare his or her case, the denial of a request for a continuance may violate a party's right to due process. *See, e.g., R.H.* at ¶ 8; *In re K.H.*, 8th Dist. Cuyahoga No. 111287, 2022-Ohio-2588, ¶ 67; *Sowders* at 144. However, not every denial of a motion for continuance is a denial of due process. *In re C.W.*, 8th Dist. Cuyahoga No. 109219, 2020-Ohio-3189, ¶ 16; *R.H.* at ¶ 8.

{¶ 13} As the Ohio Supreme Court explained in *Unger*: "'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *Unger* at 67, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). In determining whether to grant or deny a motion for a continuance, the trial court must weigh "any potential prejudice to a [party against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." *Unger* at 67.

{¶ 14} When evaluating a request for a continuance, a court should consider all relevant factors, including the following:

the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Id.* at 67-68; *see also In re C.B.*, 8th Dist. Cuyahoga No. 112112, 2023-Ohio-1578, ¶ 24; *Rielinger v. Rielinger*, 8th Dist. Cuyahoga No. 90614, 2009-Ohio-1236, ¶ 24-26; *R.H.* at ¶ 7. Following a thorough review of the record, we find that the trial court abused its discretion in denying B.T.B.S.'s request for a continuance.

{¶ 15} Here, the magistrate considered none of the *Unger* factors before denying B.T.B.S.'s request for continuance. Rather than considering the particular facts and circumstances surrounding B.T.B.S.'s request, the magistrate denied the request for a continuance based solely on the fact that C.M.R. objected to the continuance. B.T.B.S. should not have been required to proceed pro se simply because C.M.R., who was represented by counsel, objected to a continuance.

{¶ 16} Considering the factors set forth in *Unger*, this was the first continuance B.T.B.S. had requested. B.T.B.S.'s stated reason for seeking a continuance appeared to be legitimate, i.e., to obtain representation by counsel, and did not appear to be dilatory, purposeful or contrived. B.T.B.S. had been served with the ex parte protection order and notice of the full hearing just a few days earlier. Although the magistrate declined his offer, the record reflects that B.T.B.S. had been prepared to present evidence of the efforts he had undertaken, unsuccessfully, to retain counsel prior to the hearing, including identifying the attorneys he had

contacted. Although no specific length of continuance was requested, there appeared to be few, if any, witnesses or other individuals who would have been inconvenienced by a brief delay, other than the parties themselves and C.M.R.'s attorney.[3] Any such inconvenience, in and of itself, would not override the significant potential prejudice to B.T.B.S. in proceeding without the assistance of counsel.

{¶ 17} B.T.B.S. was 19 years old at the time of the hearing. B.T.B.S. could be subject to serious consequences, including possible arrest and criminal charges, punishable by incarceration, fine, or both, if he violated the terms of the protection order. The protection order impacted B.T.B.S.'s ability to have contact with his half-sister who resided, at least in part, with B.T.B.S.'s mother. The protection order also purported to determine custody of a dog, which B.T.B.S. had repeatedly advised the magistrate and C.M.R.'s counsel was owned by his mother, who was not a party to the proceedings. The transcript demonstrates that B.T.B.S. was clearly uncomfortable proceeding in the matter without the assistance of counsel. Any brief continuance would not have prejudiced C.M.R. or the others on whose behalf the petition was filed. The ex parte protection order had been in effect since August 4, 2022, had an expiration date of August 3, 2023 and would have remained in effect during the pendency of any brief continuance until the full hearing was held. R.C.

---

[3] The record reflects that C.M.R. subpoenaed a witness to testify at the hearing. However, that witness was not mentioned at the hearing. There is nothing in the record to indicate that that witness had, in fact, appeared for the hearing.

3113.31(D)(2)(b); *see also* Cuyahoga Common Pleas Court, Domestic Relations Division Local Rules of Practice Rule 26(C).

{¶ 18} Although a trial court has a right to control its own docket and the public has an interest in the prompt and efficient dispatch of justice, expediency in proceeding must not be the only consideration when evaluating a request for continuance, particularly, where, as here, the denial of such a request comes at the expense of a party's ability to retain counsel. *R.H. v. J.H.*, 2020-Ohio-3402, ¶ 9-14 (trial court abused its discretion in denying respondent's request for a continuance of the full hearing of a domestic violence civil protection order so that he could obtain counsel where, "[r]ather than engaging in any consideration of the particular circumstances and factors surrounding the request as set forth in *Unger*," the magistrate denied the request based solely on a perceived need for expediency in the proceedings); *cf. Slusser v. Klosterman*, 3d Dist. Mercer No. 10-08-01, 2008-Ohio-2608, ¶ 2-7 (trial court abused its discretion in denying request for continuance under R.C. 3113.31(D)(2)(a)(iii) where respondent had an appointment to meet with counsel who had already agreed to take her case, respondent requested a continuance for counsel to have time to prepare the case and there was "plenty of time to hold the full hearing before the expiration of the [ex parte protection] order").

{¶ 19} For these reasons, we find that the denial of B.T.B.S.'s request for a continuance was arbitrary and unreasonable and, therefore, constituted an abuse of discretion. B.T.B.S.'s assignment of error is sustained.

{¶ 20} Judgment reversed; case remanded for further proceedings.

It is ordered that appellant recover from appellee the costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
SEAN C. GALLAGHER, J., CONCUR