[Cite as *RS v. BA*, 2023-Ohio-3364.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

R.S.,                                          :

      Plaintiff-Appellee,           :                    No. 112303

      v.                                  :

B.A.,                                          :

      Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 21, 2023

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-22-969175

---

### *Appearances:*

Antonio S. Nicholson, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant, B.A., appeals the trial court's order overruling his objections to the magistrate's order, adopted by the trial court, that granted a

petition for a civil protection order in favor of R.S. Because the trial court did not abuse its discretion by overruling B.A.'s objections, the judgment is affirmed.

{¶ 2} On September 26, 2022, R.S. filed a petition for a civil protection order against B.A. pursuant to R.C. 2903.214. The trial court issued an ex parte temporary protection order and referred the case to a magistrate for hearing. On October 13, 2022, R.S. appeared with counsel and B.A. appeared pro se for a hearing on the petition. R.S. testified on direct examination. At the conclusion of R.S.'s direct testimony, but prior to cross-examination, B.A. asked for a continuance of the hearing in order to obtain counsel. The magistrate granted the motion and continued the hearing for 25 days until November 7, 2022.

{¶ 3} On November 7, 2022, R.S. appeared with counsel for the hearing, but neither B.A. nor counsel appeared on his behalf. The magistrate concluded the hearing and issued a decision granting the petition. On November 10, 2022, the trial court adopted the magistrate's decision granting the civil protection order.

{¶ 4} On November 22, 2022, B.A., through counsel, filed a motion to set aside the magistrate's order, a motion to reconsider, and an objection to the magistrate's order awarding the civil protection order. These filings are similar in substance and each state that B.A.'s counsel did not enter an appearance in the case prior to the continued hearing date, B.A.'s counsel had a conflict on the date of the continued hearing, and B.A.'s counsel advised B.A. to not appear at the hearing. In response to the filings, R.S. argued that B.A.'s counsel did not seek a continuance

prior to the hearing date and that B.A. filed an untimely motion to set aside the magistrate's order.

{¶ 5} On December 9, 2022, the trial court issued three journal entries resolving B.A.'s November 22, 2022 filings.[1] As to the objection filed to the magistrate's order, pursuant to Civ.R. 53(D)(3), the trial court found that B.A. "made the conscious decision to neither appear at the hearing nor move for a continuance of the hearing." It determined that the objection was "without a reasonable basis" and overruled the objection.

{¶ 6} B.A. raises one assignment of error that reads:

The trial court abused its discretion when it overruled appellant's objection to [the] magistrate's decision.

B.A. argues the trial court abused its discretion because the decision "constituted a failure to exercise sound, reasonable and legal decision making, specifically when the [trial court] opined that the objection to the magistrate's decision was without a reasonable basis." R.S. did not file a brief in this appeal.

{¶ 7} Proceedings conducted pursuant to R.C. 2903.214 are subject to Civ.R. 65.1. *M.D. v. M.D.,* 2018-Ohio-4218, 121 N.E.3d 819, ¶ 51 (8th Dist.). "A 'trial court's ruling on objections to a magistrate's decision will not be reversed absent an abuse of discretion.'" *C.A.P. v. M.D.P.,* 8th Dist. Cuyahoga No. 109882,

---

[1] The trial court denied B.A.'s motion to reconsider finding the motion to be a procedural nullity and denied B.A.'s motion to set aside the order finding it to be untimely filed. B.A. did not appeal these judgments.

2021-Ohio-3030, ¶ 22, quoting *In re M.I.S.,* 8th Dist. Cuyahoga No. 98138, 2012-Ohio-5178, ¶ 11. A court abuses its discretion when it "exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority." *State v. McFarland*, 8th Dist. Cuyahoga No. 111390, 2022-Ohio-4638, ¶ 20, citing *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. Further, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 8} In *Durastanti v. Durastanti*, 1st Dist. Hamilton No. C-190655, 2020-Ohio-4687, ¶ 15, the court noted Civ.R. 65.1(F)(3)(d)(iii) provides that a party objecting to the trial court's adoption of a magistrate's order has the burden to demonstrate

> that an error of law or other defect is evident on the face of the order, or [2] that the credible evidence of record is insufficient to support the granting or denial of the protection order, or [3] that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order.

{¶ 9} In his objections to the trial court, B.A. does not argue that an error of law occurred, that the magistrate's decision is defective on its face, that the evidence was insufficient to grant the order, or that the magistrate failed to include or omitted any specific term. Instead, B.A. argues he had a valid excuse for failing to appear at the hearing — that his attorney did not appear or seek a continuance.

In essence, B.A. has asked that the order be reversed and a second continuance of the hearing be granted.

{¶ 10} The grant or denial of a continuance is a matter within the discretion of the trial court. *C.M.R. v. B.T.B.S.*, 8th Dist. Cuyahoga No. 111959, 2023-Ohio-1973, ¶ 11, citing *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981). B.A. had already been granted a continuance of the hearing, but did not contact the court or appear on the scheduled date. Because B.A. had already been granted a continuance in the matter and failed to contact the court or appear, we cannot say the trial court was unreasonable, arbitrary, or unconscionable by overruling B.A.'s objection.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR